IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

LARRY COCHRAN,

    Plaintiff,

v.                                         Civil Action No. 5:08cv176
                                              (Judge Stamp)

KUMA J. DeBOO, Warden.
UNITED STATES DEPARTMENT OF JUSTICE, et al.,

    Defendants.

## REPORT AND RECOMMENDATION

The *pro se* plaintiff initiated this civil action on December 1, 2008, seeking a declaratory judgment and "$1,200,000 for each day of Illegal Confinement." The plaintiff alleges that his "Judgment and Commitment has been satisfied, discharged, settled, and closed, released, and adjusted, yet the Plaintiff remains Illegally Confined." After the enactment of the Prison Litigation and Reform Act (PLRA) of 1996, the following subsection was added to 28 U.S.C. 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

18 U..C. § 1915(g).

While incarcerated, the plaintiff has filed at least three civil actions which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may

1

be granted.[1] Therefore, based on the strikes plaintiff has accumulated, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury." The plaintiff does not alleges that he is in serious danger of imminent physical injury. He does allege that he is being falsely imprisoned and illegally confined, serious allegations if they are true. However, they do not meet the standard of imminent danger of serious physical harm.

For the reasons stated above, it is hereby **RECOMMENDED** that the plaintiff's application to proceed without prepayment of fees (Doc. 2) be **DENIED** and his complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §1915(g). See Dupree v. Palmer, 284 F. 3d 1234, 1236 (11th Cir. 2002)("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of §1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit."). It is further **RECOMMENDED** that the plaintiff's pending Motion for service by U.S. Marshal (Doc. 3) be **DISMISSED AS MOOT.**

Any party may file within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver

---

[1] See, e.g., Cochran v. Cochran, 2:07cv208 (case dismissed and strike assessed on March 26, 2007; Cochran v. Cochran, 07-3039 (appeal dismissed on October 23, 2007, after district court found appeal not taken in good faith; and Cochran v. Nozick, 2:08cv306, case dismissed pursuant to 28 U.S.C. § 1915A on October 28, 2008..

of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 4 th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the plaintiff by certified mail, return receipt requested to his last known address as reflected on the docket sheet.

DATED: May 18, 2009

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE