IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


LARRY COCHRAN,

        Plaintiff,

v.                                      Civil Action No. 5:08CV176
                                                            (STAMP)
KUMA J. DEBOO, Warden,
UNITED STATES DEPARTMENT OF JUSTICE, et al.

        Defendants.


                   **MEMORANDUM OPINION AND ORDER**
                   **AFFIRMING AND ADOPTING REPORT AND**
                   **RECOMMENDATION OF MAGISTRATE JUDGE**

                          I.  Background

    The pro se[1] plaintiff, Larry Cochran, filed a civil action seeking a declaratory judgment and "$1,200,000 for each day of Illegal Confinement." Specifically, the plaintiff alleges that his "Judgment and Commitment has been satisfied, discharged, settled, and closed, released, and adjusted, yet the Plaintiff remains Illegally Confined." The plaintiff also filed a motion to proceed in forma pauperis, as well as a motion for service by the United States Marshals Service.

    This matter was referred to United States Magistrate Judge James E. Seibert for a report and recommendation. On May 18, 2009, the magistrate judge issued a report and recommendation recommending that the plaintiff's motion to proceed in forma pauperis be denied, that his complaint be dismissed without

---

    [1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

prejudice, and that his motion for service by the United States Marshals Service be dismissed as moot. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The plaintiff filed timely objections.

For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

Under 28 U.S.C. § 1915(e)(2)(b), a court is required to review complaints filed by prisoners against governmental entities or their officers or employees and dismiss any portion of the

complaint found to be frivolous or malicious, failing to state a claim upon which relief can be granted, or seeking monetary relief from a defendant immune from providing such relief.  In determining whether a complaint states a claim upon which relief may be granted, a court should not scrutinize the pleadings "with such technical nicety that a meritorious claim should be defeated . . . ."  Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  Thus, a pro se complaint should not be summarily dismissed unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 521 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Section 1915 also incorporates what is commonly referred to as a "three strikes" provision.  See 28 U.S.C. § 1915(g) (2000).  This provision states that an inmate who has submitted three prior actions or appeals that were later dismissed as frivolous, malicious, or for failure to state a claim is not allowed to proceed in future actions brought in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The statute does not preclude the inmate from filing additional actions, but does deny him the ability to proceed under pro se status.  In this case, the plaintiff has previously filed at least three civil actions that have failed to state a

3

claim.² Thus, his motion to proceed in forma pauperis must be denied unless he can demonstrate "imminent danger of serious physical injury."

Courts have found that such "imminent danger" can be present in a number of circumstances, including the consumption of unsafe drinking water, Helling v. McKinney, 509 U.S. 25 (1993), exposure to environmental tobacco smoke, Gibbs v. Cross, 160 F.3d 962 (3d Cir. 1998), placement of an inmate near known enemies after two stabbing incidents, Ashley v. Dilworth, 147 F.3d 715 (8th Cir. 1998), and alleged deliberate indifference to dental needs that resulted in multiple tooth extractions, McAlphin v. Toney, 281 F.3d 709 (8th Cir. 2002). Moreover, a district court has found that denial of necessary medical treatment for back pain and acid reflux can also present such danger. Bond v. Aguinaldo, 228 F. Supp. 2d 918 (N.D. Ill. 2002). However, in such cases the plaintiff's complaints have been supported by proof of "ongoing serious physical injury[] or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

Here, the plaintiff does not allege that he is in serious danger of imminent physical injury. Rather, the plaintiff asserts that he is being falsely imprisoned and illegally confined. While

---

²See e.g. Cochran v. Cochran, 2:07CV208 (case dismissed on March 26, 2007); Cochran v. Cochran, 07-3039 (appeal dismissed on October 23, 2007); and Cochran v. Nozick, 2:08CV306 (case dismissed on October 28, 2008).

these are serious allegations, if true, they do not meet the standard of imminent danger of serious physical harm. Thus, the plaintiff is barred from pursuing this claim under § 1915.

IV. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the plaintiff's motion to proceed in forma pauperis is DENIED, and his complaint is DISMISSED WITHOUT PREJUDICE. Furthermore, in light of this Court's decision, the plaintiff's motion for service by the United States Marshals Service is DENIED AS MOOT. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: June 9, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE